_____

No. 96-1863
_____

Jackie Dean Knight,               *
                                  *
          Appellant,              *
                                  *  Appeal from the United States
     v.                           *  District Court for the Northern
                                  *  District of Iowa.
John Ault, Warden,                *
                                  *       [UNPUBLISHED]
          Appellee.               *


_____

          Submitted:  November 19, 1996

            Filed:  December 16, 1996
_____

Before BEAM, FRIEDMAN,[1] and LOKEN, Circuit Judges.
_____

PER CURIAM.


     Jackie Dean Knight appeals the dismissal of his petition for
a writ of habeas corpus.  We affirm.


     Knight was convicted of attempted murder.  His conviction was
affirmed by the Iowa Court of Appeals and his subsequent petition
for post-conviction relief in Iowa state court was denied.  He then
brought this habeas corpus action asserting several claims.


     Knight's principal contention is that the guilty verdict was
tainted because of two allegedly prejudicial remarks about black
people by potential jurors in front of other jurors.  The two
potential jurors were excused for cause because each stated that
she could not be impartial because of an acquaintanceship with a

_____

     [1]The Honorable Daniel M. Friedman, United States Circuit Judge
for the Federal Circuit, sitting by designation.

white woman who had been murdered by a black man.  Knight, who is black, asserts that this created an impression in the minds of the potential jurors that black people harm others.  Knight asserts error in the trial court's refusal to either grant a mistrial or to dismiss the entire jury panel.

The district court found that the state trial court's determination that the jury had not been tainted by the remarks was a factual finding entitled to a presumption of correctness.  On appeal, Knight argues that the finding is not entitled to a presumption of correctness, but is subject to de novo review.

In a habeas corpus action, factual findings of the state court are accorded a presumption of correctness.  28 U.S.C. § 2254(d).  Whether a venireman is biased is a finding of fact entitled to such deference.  Wainwright v. Witt, 469 U.S. 412, 428 (1985).  Such findings are based on determinations of demeanor and credibility that are peculiarly within a trial judge's province.  Id.

Under the circumstances of this case, we agree with the district court and find no error by the state trial court in refusing to grant a mistrial or to dismiss the jury panel.  The remarks both involved the same incident--an incident similar to the crime at issue only in the fact that the alleged perpetrators were black.  The jurors making the remarks were excused and the entire panel was questioned extensively by defense counsel after the two jurors were excused.  All except one potential juror, who was later stricken, stated to the court's satisfaction that they had not been influenced by the incident.  There was no evidence of racial bias among the remaining jurors.

With regard to Knight's remaining claims, we affirm for the reasons stated in the district court's opinion.  See 8th Cir. R. 47B.

-2-

A true copy.

Attest:

    CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.